UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | |
| Plaintiff, | Honorable Madeline Cox Arleo<br>Civil Action No. 07-157 (SDW) |
| v. | **REPORT AND RECOMMENDATION** |
| HANIF SHAIKH, et al. | |
| Defendants. | |

## BACKGROUND

On January 11, 2007, plaintiff, Days Inns Worldwide, Inc. ("plaintiff"), filed the Complaint against defendants, Hanif Shaikh and Nasir Shaikh, a California Partnership ("Shaikh Partnership"), as well as Hanif Shaikh and Nasir Shaikh as individuals (collectively, "defendants"). On April 18, 2007, plaintiff requested a Clerk's entry of default against defendants for their failure to plead or otherwise respond to the complaint. On the following day, the Clerk's Office entered default against defendants.

On June 14, 2007, defendants filed an Answer to the Complaint and Counterclaims.[1] On July 10, 2007, plaintiff filed an Answer to defendants' Counterclaims. On August 21, 2007, this Court entered an Order, scheduling a mandatory in person initial conference for Wednesday, October 10, 2007 at 12:30. The Order directed the parties to timely comply with their initial

---

[1] On June 23 2007, defendants informally moved by consent to vacate entry of default against them. However, the Clerk of the Court terminated the motion as it was not formally filed with the Court.

disclosure and discovery obligations, pursuant to Fed. R. Civ. P. 26.  The Order highlighted that failure to attend the conference would result in sanctions.

On October 10, 2007, only plaintiff's counsel appeared at the conference.  No party or counsel appeared on behalf of defendants.  On October 12, 2007, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of defense counsel, John T. Doyle, Esq., to attend the Court ordered October 10, 2007, conference.  The Order to Show Cause was returnable October 29, 2007 at 11:30 a.m.  Mr. Doyle was directed to file any written submissions with the Court by October 22, 2007.

On October 19, 2007, Mr. Doyle filed a response to the Court's Order to Show Cause, explaining he was unaware of the October 10, 2007, conference.  Moreover, in August 2007, Mr. Doyle apparently advised Jeffrey Goldstein, Esq., out-of-state counsel for defendants, that Mr. Doyle could no longer serve as local counsel for defendants.  Mr. Doyle stated his belief that Mr. Goldstein would be taking the necessary steps to relieve Mr. Doyle from his role as local counsel.

On October 29, 2007, Mr. Doyle appeared before the Court to answer the Court's Order to Show Cause.  At the hearing, Mr. Doyle expressed his intent to file a motion to be relieved as counsel for defendants.  The Court granted him leave to timely file his motion.  On November 2, 2007, Mr. Doyle filed his unopposed motion to be relieved as counsel, which this Court granted by Order on November 15, 2007.  The Court further directed Mr. Doyle to provide his clients with copies of the Order, and directed new counsel to enter an appearance on behalf of defendants by December 10, 2007.  If new counsel was not secured by that date defendants would be deemed to be proceeding on a pro se basis.  The Order further directed all parties to

appear before the Court for a status conference on Monday, December 10, 2007 at 12:00 noon.

On December 7, 2007, the Court received Mr. Goldstein's letter of December 7, 2007, indicating that he represents defendants. However, he explained that defendants have been unable to secure new local counsel. As such, Mr. Goldstein requested that the December 10, 2007, status conference be adjourned until new local counsel was retained. Alternatively, he sought leave to appear before the Court on a pro hac basis without having any local counsel. The Court denied both requests and ordered defendants to appear at the December 10 conference.

On December 10, 2007, only counsel for plaintiffs appeared before the Court. On December 22, 2007, the Court issued a second Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of defendants' failure to attend the Court ordered December 10, 2007 conference. The Order to Show Cause was returnable January 15, 2008 at 11:30 a.m. Defendants Hanif Shaikh and Nasir Shaikh were directed to file any written submissions with the Court by January 8, 2008.

On January 11, 2008, the Court received a letter from Frank Konecny, Esq., dated January 11, 2008, indicating that he represents individual defendants Henry and Nasir Shaikh. Mr. Konecny requested a 30-day extension of the Order to Show Cause Hearing to enable his clients to "obtain representation." By Order dated January 14, 2008, the Court advised Mr. Konecny that the undersigned could not accept his request on behalf of the individual defendants because, as stated in his letter, he is not licensed to practice in the State of New Jersey. The Order directed defendants to appear before the Court on January 15, 2008, and emphasized that failure to appear will result in sanctions, up to and including entry of default.

On January 15, 2008, only plaintiff's counsel appeared at the Conference. No party or

counsel appeared on behalf of defendants.

## DISCUSSION

Defendants' failure to comply with the Orders of this Court require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action or strike a defendant's answer. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1.   The Extent of Defendants' Personal Responsibility

Following the Court's Order relieving Mr. Doyle as defense counsel, the Court essentially afforded defendants sixty days to retain new counsel or appear before the Court on a pro se basis. Instead, the Court received two letters from out-of-state counsel on behalf of defendants, who are not admitted to practice in the State of New Jersey, requesting adjournments of the December 10, 2007, status conference and January 15, 2008, Order to Show Cause Hearing. The Court denied both of these requests. Defendants chose not to appear before the Court on either date. Notwithstanding defendants' expressed financial circumstances, this Court finds that they are personally responsible for their failure to comply with the orders of this Court. Their failure to appear and defend their case demonstrates a willful decision to disregard the orders of the Court.

Defendants were warned that continued failure to comply would result in sanctions, up to and including, entry of default. They ignored the Court's Orders of October 12, 2007, November 15, 2007, December 22, 2007, and January 14, 2008.

Defendants are not exempt from responsibility for failure to abide by Court orders simply because they cannot secure local counsel and, thus, are treated as pro se litigants. "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). Defendants continuously failed to comply with court ordered appearances for conferences. Accordingly, this factor favors striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to judgment by default as to defendants, and enter default against them.

2.  Prejudice to Plaintiff

Based on defendants' decision to disregard court orders, plaintiff is incapable of prosecuting its claims against defendants. Despite numerous Orders from this Court, defendants have not attended in person conferences. Indeed, based on defendants' inaction, it is impossible for plaintiff to understand their defenses and counterclaims and then adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, the plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also

includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to ascertain defendants' defenses and counterclaims in this suit or prosecute its claims against defendants. The decision not to appear at court ordered conferences present in this matter weigh in favor of striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to judgment by default as to defendants, and enter default against them.

3.  History of Dilatoriness

Again, as outlined briefly in the December 7, 2007 letter of Mr. Goldstein and January 11, 2007 letter of Mr. Konecny to the Court, defendants attribute their financial circumstances and inability to retain local counsel as the bases for their inability to travel to New Jersey and defend themselves and prosecute their counterclaims in this suit. As set forth above, this Court is unpersuaded that their alleged circumstances excuse their failure to appear at court order hearings and conferences. This Court made several efforts to permit defendants to defend against this suit and prosecute their counterclaims by issuing Orders to Show Cause wherein they were directed to provide an explanation for their absences from court proceedings. Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Defendants failed to appear at court conferences on October 10, 2007 and December 10, 2007

(resulting in two Orders To Show Cause). Therefore, this factor weighs in favor of striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to judgment by default as to defendants, and enter default against them.

4.      Defendants' Conduct Has Been Willful

Despite Defendants' representation that their financial circumstances prevent them from defending against this action, the Court finds that defendants' failure to comply with court orders were willful in nature. As set forth above, defendants have failed to appear for in person conferences. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). This factor warrants striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to judgment by default as to defendants, and enter default against them.

5.      Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided defendants several opportunities to appear at court ordered conferences, and defend against this suit as well as prosecute their counterclaims. The record is also replete with the failures of defendants to do so. To continue to allow defendants further benefits to appear at court conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its claims. Defendants' refusal to follow Court Orders has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order. See Fed.R.Civ.P. 16(f). Here, no alternative to striking defendants' Answer and Counterclaims and allowing plaintiff to proceed to judgment

by default is appropriate in this case. Despite four court orders, the non-compliance continued. The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike defendants' Answer and Counterclaims, and allow plaintiff to proceed to judgment by default as to defendants, and enter default against them.

6.      Meritoriousness of Defendants' Defense and Counterclaims

The Court has reviewed defendants' Answer to the Complaint and Counterclaims. However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of defendants' defense or counterclaims. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to judgment by default as to defendants, and enter default against them, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking defendants' Answer and Counterclaims, and allowing plaintiff to proceed to default judgment, and enter default against defendants is not made lightly. However, this Court is convinced that it is left with no alternative. This Court offered defendants multiple opportunities to appear at court ordered conferences, but to no avail. The Court also repeatedly warned them that continuation of this conduct would result in sanctions. Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer and Counterclaims of pro se defendants Hanif Shaikh and Nasir Shaikh, a California Partnership, as well as Hanif Shaikh and Nasir Shaikh as individuals (Docket Entry No. 7), and that plaintiff be allowed to proceed to judgment by default as to pro se defendants Hanif Shaikh and Nasir

Shaikh, a California Partnership ("Shaikh Partnership"), as well as Hanif Shaikh and Nasir Shaikh as individuals, and enter default against them. The parties have ten (10) days from receipt hereof to file and serve objections.

          Respectfully submitted,

          *s/Madeline Cox Arleo*
          MADELINE COX ARLEO
          United States Magistrate Judge

Dated: March 5, 2008

Orig.: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
     All Parties
     File